**E-FILED**
Thursday, 14 July, 2016  01:24:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    16-CV-1145 |
| | ) |
| SALVADOR GODINEZ, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**JAMES E. SHADID, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Pontiac

Correctional Center.  His Complaint is before the Court for a merit

review pursuant to 28 U.S.C. § 1915A.  This section requires the

Court to identify cognizable claims stated by the Complaint or

dismiss claims that are not cognizable.[1]  In reviewing the complaint,

the Court accepts the factual allegations as true, liberally

construing them in Plaintiff's favor and taking Plaintiff's pro se

status into account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir.

2013).  However, conclusory statements and labels are insufficient.

---

[1] A prisoner  who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can
no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28
U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges that he was transferred from Stateville Correctional Center to Pontiac Correctional Center in November 2012, where he remains in "administrative segregation" without a hearing and in retaliation for his grievances.

Plaintiff has had two hearings during this time, but he seems to allege that the hearings were farces to justify continuing Plaintiff's segregation.  The first hearing was on October 7, 2013, on a disciplinary ticket written by Defendant Punke accusing Plaintiff of disobeying and intimidation.  Plaintiff allegedly was either unable or not allowed to call witnesses who would have (liberally construed) exonerated him.  Plaintiff had another hearing in or around May 2014 regarding accusations that he had authored gang letters.  Plaintiff's request for a copy of those letters so that he could defend himself was denied, and he was found guilty.

Plaintiff also alleges that his conditions of confinement in segregation are inhumane.  Mail delivery is delayed, and the

exhaust system fails to remove the chemical spray that is frequently released by officers to quell inmates, causing Plaintiff's "skin to burn, forcing him to cry, cough and sneeze, with no medical assistance." (Compl. p. 6.)  This chemical spray, smells of sewage, noise, and mildew travel through the vents, and mold and mildew are allegedly ubiquitous.  Outside recreation is in a one-man cage, which is allegedly often filled with other inmates' urine and feces. In the winter, Plaintiff must stand in 2-3 feet of snow without boots in the recreation cage, and in the summer Plaintiff is often dehydrated because no water is provided in the cage.  The many mentally ill inmates housed on Plaintiff's unit frequently throw feces and urine, do not clean themselves, and constantly scream and bang.  Plaintiff allegedly cannot sleep or think clearly, stuffing tissue into his ears if he wants to read or write.  Showers are allegedly covered with soap scum, hair, dirt, fungus, and standing water in the shower attracts insects.  (Compl. p. 7.)

## ANALYSIS

Extended placement in segregation without procedural due process violates the Fourteenth Amendment.  Kevin v. Barnes, 787 F.3d 833, 836 (7th Cir. 2015)(segregation of less than six months

could trigger procedural due process protections depending on the circumstances); <u>Toston v. Thurmer</u>, 689 F.3d 828, 832 (7th Cir.2012) (remanding where district court made no findings about whether 90–day segregation term deprived prisoner of protected liberty interest).  Liberally construing Plaintiff's complaint, he has been in segregation for about 3 ½ years with no procedural due process.  The two disciplinary hearings Plaintiff did have were allegedly defective because Plaintiff was unable to call witnesses in the first hearing and was not allowed to see the purported gang letters in the second hearing.  The Court cannot rule out a possible procedural due process claim at this point.  Part of this claim might be barred by the two-year statute of limitations or by <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)(challenges to the revocation of good time belong in a habeas action), but those determinations would be premature.  A possible retaliation claim is also stated, based on Plaintiff's allegation that his continued segregation is in retaliation for his grievances.

Plaintiff also states a possible Eighth Amendment claim for inhumane conditions of confinement.  Some of the alleged conditions, such as the delay in mail delivery, do not suggest

constitutional violations, but other alleged conditions, such as the conditions in the recreation cage, shower, insects, mold, and ventilation system, might rise to the level of objectively serious deprivations.  *See* Gray v. Hardy, --- F.3d ---, 2016 WL 3457647 * 3 (7th Cir. 2016)(lack of "rudimentary sanitation" can violate Eighth Amendment)(citing Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987)(prisons must provide adequate ventilation and sanitation).

However, Defendant Godinez, the former Director of the Illinois Department of Corrections, will be dismissed without prejudice.  No plausible inference arises from the present allegations that Defendant Godinez knew of, approved of, or turned a blind eye to Plaintiff's alleged segregation without due process or the alleged conditions in segregation.  *See* Matthews v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir.2012).

**IT IS THEREFORE ORDERED:**

1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following constitutional claims:  (1) Fourteenth Amendment claim for prolonged placement in segregation without procedural due process against Defendants Hardy, Pfister, Trancoso, Punke, and Eilts; (2)

Eighth Amendment claim for inhumane conditions of confinement against Defendants Pfister, Trancoso, Punke, and Eilts; (3) and First Amendment claim for placement in segregation in retaliation for Plaintiff's grievances against Defendants Hardy and Pfister.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

  2)    Defendant Godinez is dismissed.

  3)    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

  4)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the

entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5)     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)     Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7)     This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9)     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

10)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12)   **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

13)   **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

14)   **The clerk is directed to terminate Defendant Godinez.**

ENTERED:     7/14/2016

FOR THE COURT:

**s/James E. Shadid**

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
